IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL CLARKE,** | : | CIVIL ACTION NO. 3:20-CV-31 |
| Petitioner | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **CLAIR F. DOLL, in his official Capacity as Warden of the York County Prison,** | : | |
| | : | |
| Respondent | : | |

# **ORDER**

AND NOW, this 24th day of August, 2020, upon consideration of petitioner Nathaniel Clarke's petition (Doc. 1) for writ of habeas corpus, the report (Doc. 12) of Magistrate Judge Joseph F. Saporito, Jr., and respondent's objection (Doc. 13) thereto, and for the reasons set forth in the accompanying memorandum of today's date, it is hereby ORDERED that:

1. The report (Doc. 12) of Magistrate Judge Saporito is ADOPTED.

2. Clarke's petition (Doc. 1) for writ of habeas corpus is GRANTED to the extent that it seeks an individualized bond hearing before an immigration judge.

3. An immigration judge shall conduct an individualized bond hearing within 30 days of the date of this order.

4. At the hearing ordered in paragraph 3, the immigration judge shall make an individualized inquiry into whether Clarke is a flight risk or a danger to the community in accordance with Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 213-14 (3d Cir. 2020) (citing, *inter alia*, Diop v. ICE/Homeland Sec., 656 F.3d 221, 233, 235 (3d Cir. 2011), and Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 477-78 (3d Cir. 2015)).

5. At this hearing, the government shall bear the burden of putting forth clear and convincing evidence that continued detention is necessary "to prevent [Clarke] from fleeing or harming the community." Id. at 214 (citing Chavez-Alvarez, 783 F.3d at 477-78).

6. The parties shall report to the court the outcome of the individualized bond hearing within seven days of the date of the immigration judge's hearing.

7. If the immigration judge fails to convene an individualized bond hearing within 30 days of the date of this order, the court will reopen this case and conduct its own individualized bond hearing under the standards governing bail in habeas corpus proceedings.

8. The Clerk of Court is directed to close this case.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania